Steven M. Lucks
FISHKIN LUCKS LLP
One Riverfront Plaza, Suite 410
Newark, New Jersey 07102
(973) 536-2800
slucks@fishkinlucks.com

David B. Rosemberg (*pro hac vice* motion to be filed)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
(305) 602-2008
david@rosemberglaw.com

*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TANZACAN TRADELINK, INC., a foreign corporation, and ALIRAZA RAJAN, individually,<br><br>　　　　　Defendants. | Civil Action No. 2:19-cv-12003<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Luxottica Group S.p.A. ("Luxottica Group"), by and through its undersigned counsel, as and for its complaint against Defendants Tanzacan Tradelink Inc. and Aliraza Rajani (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1.　　This case concerns the violation of the intellectual property rights of Luxottica Group by Defendants' sale and export of sunglasses bearing counterfeits of Luxottica Group's

Ray-Ban trademarks (the "Counterfeit Merchandise"). Defendants export sunglasses and related accessories bearing counterfeits of Luxottica Group's Ray-Ban trademarks from Canada to the United States, including New Jersey. Through this action, Luxottica Group seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Luxottica Group has been and continues to be irreparably harmed through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' unlawful actions.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves trademark claims arising under the laws of the United States, specifically 15 U.S.C. § 1114(1) *et. al.* (the "Lanham Act").

3. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of New Jersey, including within this Judicial District.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this Judicial District, the Defendants are subject to personal jurisdiction in this Judicial District and infringement occurred within this Judicial District.

## PARTIES

5. Plaintiff Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

6. Defendant Tanzacan Tradelink Inc. is a corporation organized and existing under the laws of Canada with an office located at 366 Denison St., Unit 4, Toronto, Ontario Canada L3R 1B9. As alleged herein, Tanzacan Tradelink Inc. has engaged in the sale and export of counterfeit products from Canada to the United States, including to this Judicial District.

7. Upon information and belief, Defendant Aliraza Rajani ("Rajani") is a resident of Ontario, Canada. Rajani is a principal, officer, manager and director of Tanzacan Tradelink and is the moving force behind Tanzacan Tradelink's operations.

## FACTUAL ALLEGATIONS

**A. The World-Famous Luxottica Brands and Products**

8. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

9. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

10. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including New Jersey.

11. Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

12. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks. As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

13. Luxottica Group is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting Glasses, and ophthalmic lenses, in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles, in class 9. |
| 1,093.658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles, in class 9. |
| 1,320,460 | *Ray-Ban* (circular seal) | For: sunglasses and carrying cases therefor, in class 9. |
| 1,490,305 | RAY-BAN | For: clothing, namely, t-shirts, in class 25. |
| 1,726,955 | *Ray-Ban* | For: for: bags; namely, tote, duffle and all purpose sports bags, in class 18. For: cloths for cleaning ophthalmic products, in class 21. For: clothing and headgear; namely, hats, in class 25. |
| 2,718,485 | RAY-BAN | For: goods made of leather and imitation Leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards, in class 18. For: clothing for men and women, namely, polo shirts; headgear, namely, berets and caps, in class 25. |
| 3,522,603 | *Ray-Ban* (red) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

14. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

15. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

16. The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

17. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

18. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.    Defendants' Infringing Conduct**

19. According to its website (www.tanzacan.com), Defendant Tanzacan Tradelink is an eyewear wholesaler headquartered in Toronto, Canada that specializes in the export and distribution of excess inventory from major eyewear manufacturers.

20. Despite the nature of its alleged business, Tanzacan Tradelink also actively sells and exports to the United States, including New Jersey, substantial quantities of Counterfeit Merchandise that infringe upon Luxottica Group's Trademarks.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb were assigned in full to Luxottica Group in 1999.

21. Luxottica Group recently learned that between August 2018 and December 2018, Tanzacan Tradelink sold and exported to a third-party eyewear wholesaler located in New Jersey several thousand pair of sunglasses bearing Ray-Ban trademarks, including at least eighty-five (85) pair of sunglasses bearing counterfeits of the Ray-Ban Trademarks.

22. Upon information and belief, the sunglasses identified below by item and description were sold by Tanzacan Tradelink on August 21, 2018 pursuant to Invoice No. TTL2018374, and subsequently exported to a third-party eyewear wholesaler located in New Jersey:

| **Item** | **Description** |
|---|---|
| S-RBN-3362-258-59 | Rayban 3362 258 |
| S-RBN-3362-458-59 | Rayban 3362 458 |
| S-RBN-3362-4-59 | Rayban 3362 4 |
| S-RBN-3025-11219-58 | Rayban 3025 11219 |
| S-RBN-3025-19Z2-58 | Rayban 3025 19Z2 |
| S-RBN-3025-151-58 | Rayban 3025 151 |
| S-RBN-133-58 | Rayban 3025 1 33 |
| S-RBN-3025-158-58 | Rayban 3025 158 |
| S-RBN-3025-258-58 | Rayban 3025 258 |
| S-RBN-3025-258-62 | Rayban 3025 00258 |
| S-RBN-3016-114517-51 | Rayban 3016 114517 |
| S-RBN-3016-114519-51 | Rayban 3016 114519 |

23. Upon information and belief, the sunglasses identified below by item and description were sold by Tanzacan Tradelink on November 21, 2018 pursuant to Invoice No. TTL2018529, and subsequently exported to a third-party eyewear wholesaler located in New Jersey.

| **Item** | **Description** |
|---|---|
| S-RBN-3025-11269-58 | Rayban 3025-11269 |
| S-RBN-3025-11293-58 | Rayban 3025-11293 |
| S-RBN-3025-W0879-58 | Rayban 3025 W0879 |
| S-RBN-3025-358-58 | Rayban 3025 358 |
| S-RBN-3025-358-62 | Rayban 3025 358 |
| S-RBN-3025-458-58 | Rayban 3025 458 |
| S-RBN-3025-458-62 | Rayban 3025 458 |
| S-RBN-3025-1124L-58 | Rayban 3025 1124L |
| S-RBN-3447-1930-50 | Rayban 3447 1930 |
| S-RBN-3561-1-57 | Rayban 3561 1 |
| S-RBN-3561-13F-57 | Rayban 3561 13F |
| S-RBN-4246-901-51 | Rayban 4246 901 |
| S-RBN-3449-38g-59 | Rayban 3449 38g |

24. Upon information and belief, the sunglasses identified below by item and description were sold by Tanzacan Tradelink on December 12, 2018 pursuant to Invoice No. TTL2018543, and subsequently exported to a third-party eyewear wholesaler located in New Jersey:

| **Item** | **Description** |
|---|---|
| S-RBN-3025-151-62 | Rayban 3025 151 |
| S-RBN-3025-24J-58 | Rayban 24J |

25. Luxottica Group subsequently inspected no less than eighty-five (85) pair of the above-identified sunglasses and related accessories and determined that the items bearing reproductions of Ray-Ban's trademarks were in fact counterfeit products that infringed Luxottica Group's Ray-Ban Trademarks.

26. Defendants have no license, authority, or other permission from Luxottica Group to use any of the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

27. The forgoing acts of the Defendants constitutes direct and willful trademark infringement in violation of federal law.

28. The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

29. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

30. Defendants are well-aware of the extraordinary fame and strength of the Ray-Ban brand, the Luxottica Group Trademarks, and the incalculable goodwill associated therewith.

31. Defendant Rajani has materially contributed to and facilitated the above-described infringement of the Luxottica Group Trademarks by having permitted the offering for sale and the sale of Counterfeit Merchandise by Tanzacan Tradelink through (i) Defendant Rajani's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) Defendant Rajani's constructive knowledge of the offering for sale and the sale of the Counterfeit

Merchandise or, alternatively, (iii) Defendant Rajani's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

32.     Defendants' knowing and deliberate hijacking of Luxottica Group's famous marks, and sale of Counterfeit Merchandise have caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the Counterfeit Merchandise were cheap, inexpensive and inferior in quality to those authentic to Ray-Ban products.

33.     The harm being caused to Luxottica Group is irreparable and Luxottica Group does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

34.     Luxottica Group also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Trademarks.

## COUNT I
### Trademark Counterfeiting
### (15 U.S.C. § 1114)

35.     Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 34 above.

36.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of Luxottica Group's Trademarks.

37.     Defendants have distributed, sold and exported products bearing counterfeits of Luxottica Group's Trademarks without Luxottica Group's permission.

38.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into

believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

39. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

40. Defendants have willfully infringed Luxottica Group's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## False Designation of Origin (15 U.S.C. § 1125(a))

41. Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 34 above.

42. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Merchandise has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Luxottica Group or the origin, sponsorship, or approval of Defendants' Counterfeit Merchandise by Luxottica Group.

43. By using Luxottica Group's Trademarks on the Counterfeit Merchandise, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Merchandise.

44. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Merchandise to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45. Luxottica Group has no adequate remedy at law and, if Defendants' actions are not enjoined, Luxottica Group will continue to suffer irreparable harm to its reputation and the goodwill of the Ray-Ban brand.

**WHEREFORE,** Plaintiff Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants Tanzacan Tradelink Inc. and Aliraja Rajani, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114 and 1125);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in the Trademarks;

2. engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group;

C. Requiring Defendants to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica

Group, or is related in any way with Luxottica Group and/or its products;

E. Awarding Luxottica Group statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F. Awarding Luxottica Group its costs, investigatory fees, and expenses;

G. Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H. Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated: Newark, NJ
       May 1, 2019

Respectfully submitted,

/s/ *Steven M. Lucks*
Steven M. Lucks
FISHKIN LUCKS LLP
One Riverfront Plaza, Suite 410
Newark, New Jersey 07102
(973) 536-2800
slucks@fishkinlucks.com

David B. Rosemberg
(*pro hac vice* motion to be filed)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
(305) 602-2008
david@rosemberglaw.com

*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*